## In re ENGLANDER'S, Inc.

(District Court, E. D. Pennsylvania. July 30, 1920.)

No. 6218.

**Bankruptcy ⬤⟶385—Failure to prove claim within year does not exclude from composition.**

Bankruptcy Act, § 57n (Comp. St. § 9641), denying to claims not proved within one year the right to share in the bankrupt estate, does not deny to any creditor the right to share in a fund offered by the bankrupt to his creditors in composition and distributed under section 12 (Comp. St. § 9596).

In Bankruptcy. In the matter of Englander's, Incorporated, bankrupt. On review of order of referee. Reversed.

Joseph Blank, of Philadelphia, Pa., for creditors.
Julius C. Levi, of Philadelphia, Pa., for bankrupt.
Alfred Aarons, of Philadelphia, Pa., for trustee.

### Findings and Conclusions.

DICKINSON, District Judge. The legal principles involved in this cause, with the findings on which they rest and the conclusions to which they lead, are as follows:

1. No one can, by a legal judgment, be deprived of his property, unless he is fairly subject to some provision of the law which visits the loss upon him.

2. A law which denies to a creditor a share in one fund, because of his failure to claim such share within a required time, does not forbid him to share in another fund, unless the time limit applies to the second claim as well as the first.

3. Section 57n of the Bankruptcy Law (Comp. St. § 9641) shuts out a creditor, who has failed to prove his claim within the year, from all "claim against the bankruptcy estate," consisting of the assets and property which vested in the trustee.

4. A composition proceeding is a part of the bankruptcy proceedings, in the sense that the former arises out of the latter, and each has the like result in respect to the extinguishment of the obligation of debt. The composition fund is the same as the bankruptcy estate fund, in the respect that one is substituted for the other; but the identity feature of the fund rests in the fact, and one is a substitute for the other only in the sense, that one is by operation of law exchanged for the other for a special purpose, and the proceedings are alike only in the respect that they affect alike the obligation of debt. In source, in the manner in which raised, in amount or value, and in respect to the basis of the claim of the creditor to a right to share therein, they are wholly different. Because of these differences, and consequent absence of identity in the two funds, it does not follow that, inasmuch as certain creditors only are permitted to share in one, they alone can share in the other.

5. A law which denies to a creditor the assertion of his right to share in a bankruptcy estate fund, which may be so small that the defaulted

---

share is less than the expense of proving the claim, does not of itself imply a like denial of his share in a composition fund voluntarily given by his debtor, his share in which may be considerable.

6. Section 57n of the Bankruptcy Act, denying to unproven claims participation in the distribution of a bankruptcy estate fund, does not deny to any creditor the right to participate in a composition fund being distributed under section 12 (Comp. St. § 9596).

7. The petition for review is allowed, and the order made by the referee vacated. Inasmuch, however, as other considerations than that of the effect of section 57n may enter into the decree of distribution to be made, no distribution is now ordered, but the cause is remanded to the referee, with instructions to proceed to a final determination of the cause after vacating the order made; the effect of this review being limited to the proposition that the rights of creditors, after confirmation of a composition and its being carried into effect, are not lost through the operation of 57n.